PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON JUREK, | ) | |
| | ) | CASE NO. 1:14CV1524 |
| Petitioner, | ) | (1:11CR0433) |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 77] |

Before the Court is *Pro Se* Petitioner Jason Jurek's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 77).[1] The Court has been advised, having read the file and reviewed the applicable law. For the reasons stated below, the motion is denied.

**I. Background**

On August 9, 2011, Anthony Finlaw, an AT&T technician responding to a service call at Petitioner's residence, observed images of child pornography on a computer and later reported his observations to law enforcement. Based in part on the information provided by the technician, law enforcement obtained a search warrant for Jurek's residence and seized his computer equipment.

---

[1] The docket references will be to the criminal case, not the related civil case, 1:14CV1524.

(1:14CV1524)

On September 21, 2011, a federal grand jury, in the Northern District of Ohio, returned a two-count indictment charging Jurek with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count 1); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 2).  Indictment (ECF No. 9).

Petitioner filed a Motion to Suppress the fruits of the search of his residence (ECF No. 23), asserting government involvement in the AT&T technician's unauthorized search of his computer.  After an evidentiary hearing at which Finlaw and Special Agent Patrick Donlin testified, the Court denied Jurek's Motion to Suppress.  Memorandum of Opinion and Order (ECF No. 33).  Petitioner filed a Motion to Reconsider (ECF No. 46), which the Court also denied.  Order (ECF No. 48).

Petitioner subsequently entered a conditional guilty plea to Count 1 of the indictment on November 6, 2012.  Minutes of Proceedings.  Jurek pled guilty pursuant to a written Plea Agreement (ECF No. 50), reserving his right to appeal the denials of his Motion to Suppress and Motion to Reconsider.[2]  The Plea Agreement understandably also placed no restrictions on the filing of an appeal or collateral attack alleging ineffective assistance of counsel or prosecutorial misconduct.  Plea Agreement (ECF No. 50) at PageID #: 314.  Count 1 carried a maximum penalty of 20 years in prison, $250,000 fine, supervised release for up to life with a minimum term of supervised release of at least five (5) years, and a $100 special assessment.  There is a minimum mandatory period of imprisonment of at least five (5) years.  ECF No. 50 at PageID #: 310; Transcript (ECF No. 70) at PageID # 557-59.

---

[2] Jurek initialed each page of the written plea agreement.

2

(1:14CV1524)

The Court denied Petitioner's *pro se* motion to withdraw his plea of guilty (ECF No. 56). Transcript (ECF No. 71) at PageID #: 597-99. On April 8, 2013, Jurek was sentenced to a total of 61 months as to Count 1 of the indictment, with a 10 year term of supervised release and a $100 special assessment. Amended Judgment (ECF No. 64).[3] Jurek appealed his conviction. *See* Notice of Appeal (ECF No. 62). In January 2014, the Court of Appeals for the Sixth Circuit affirmed this Court's orders denying Petitioner's Motion to Suppress and Motion to Reconsider. *United States v. Jurek*, No. 13-3397 (6th Cir. Jan. 10, 2014) (ECF No. 75).

The instant motion was received by the Court on July 11, 2014. Petitioner alleges three grounds and encapsulates them under the umbrella of ineffective assistance of counsel. First, Jurek asserts that he was denied his Sixth Amendment right to effective assistance of counsel, specifically, in preparation for, and during, the suppression hearing. ECF No. 77-1 at PageID #: 700-703. Second, counsel was ineffective during the plea phase of his proceeding in advising Petitioner to plead guilty. ECF No. 77-1 at PageID #: 703-706. Third, as a result of counsel's failures, as articulated in the first ground, Jurek's decision to enter into the plea agreement was not knowing. ECF No. 77-1 at PageID #: 706-707.

## II. Discussion

### A. Evidentiary Hearing

In *Amr v. United States*, 280 Fed.Appx. 480 (6th Cir. 2008), the Court of Appeals for the Sixth Circuit held that a prisoner was not entitled to a hearing on an

---

[3] According to the Bureau of Prisons website (http://www.bop.gov/inmateloc/ (last visited June 30, 2015)), Plaintiff has a January 26, 2016 release date.

3

(1:14CV1524)

ineffective-assistance-of-counsel claim where the claim was conclusively refuted by the record. *Id.* at 485-86. "[A] motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. In some cases, the judge's recollection of the events at issue may enable [her] summarily to dismiss a § 2255 motion. . . ." *Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977). The Court finds that the within motion may be resolved without an evidentiary hearing because the judge's recollection, files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255.

### B. First Claim

Petitioner argues that his counsel "failed to act as the [c]ounsel guaranteed him by the Sixth Amendment in preparation for, and during, the suppression hearing. . . [which] led to the Court permitting the United States to use[ ] unlawfully seized evidence." ECF No. 77-1 at PageID #: 700. To support the First Claim, Jurek argues that had his counsel been prepared to meet his burden of proving beyond a preponderance of the evidence that law enforcement initiated, encouraged or participated in the search and seizure of his property, counsel, prior to and/or during the hearing, would have: 1) called Lee Jurek, Petitioner's son, as a witness; 2) obtained Finlaw's personnel records and criminal record in order to question Finlaw on the stand; 3) obtained AT&T's corporate protocol information and the repair log for Jurek's residence; and 4) called a representative from AT&T as a witness to discuss a possible relationship they had with law enforcement. ECF No. 77-1 at PageID #: 701.

4

(1:14CV1524)

Contrary to Petitioner's assertion, counsel did raise the topic of Finlaw's prior criminal record during cross-examination of him at the suppression hearing, to the extent that the Court found this type of inquiry was relevant.

```
[BY MR. BRYAN:]
Q.    Mr. Finlaw, had you ever before had any contact with law enforcement?
A.    In what capacity?
Q.    Well, in any capacity.
```
        MR. SULLIVAN:  Objection.
        THE COURT:  Well, you might want to narrow that.  I mean, his past criminal -- and I'm not insinuating you have a past criminal history, Mr. Finlaw, but I don't see that as a matter of importance here, whether it's regarding credibility or anything else.
        If you want to know if he's ever acted as an agent, which I thought was your point all along, you may ask him that.
        MR. BRYAN:  Okay. Well, can I ask him if he has a prior criminal record, Your Honor, I mean, as it goes to the issue of credibility or impeachment purposes?
        THE COURT:  No, it wouldn't be helpful to me.  If that's an issue you believe you might want to pursue in front of a jury.  I'm not inclined to disbelieve his work as an AT&T representative simply because he's had any criminal history, unless you can give me good reason to believe that I should.
        Do you have any reason to know that Mr. Finlaw has a criminal past?
        MR. BRYAN:  No, Your Honor.  I mean, if the answer is "no," the answer is "no."  If his answer is "yes," then my concern would be whether or not Mr. Finlaw had any desire to try to gain favor with law enforcement because of that.
        THE COURT:  Yeah.
        MR. BRYAN:  So that would be a motive.
        THE COURT:  I will allow the question whether or not you have had any past criminal convictions.  And I'm not talking about parking tickets or things of that nature.
        Have you, sir?
        THE WITNESS:  Yes.
        THE COURT:  And without you asking what it is, you can ask the general question, "Would that experience in the past be a reason that you'd like to gain favor with law enforcement?"  And I would think it would be either the U.S. Attorney's Office or the Chesterland Police Department in particular.
BY MR. BRYAN:

(1:14CV1524)

> **Q.** Well, the question -- and you've heard the question, but I will ask it for the record: Based upon your prior contact with law enforcement, did you have any motivation to gain any favor with law enforcement --
> **A.** Nope.
> **Q.** -- because of your past?
> **A.** No.
> **Q.** So that's a matter that's been resolved already in the past?
> **A.** Yes.
> **Q.** So you didn't have any pending sentences or anything like that at the time?
> **A.** Nope.

Transcript (ECF No. 39) at PageID #: 230-32.

The Court also notes that in the Motion to Reconsider (ECF No. 46) the denial of Petitioner's suppression motion, Jurek's counsel did include as an exhibit a copy of AT&T's policy on reporting child pornography. *See* ECF No. 46-1.

Finally, Petitioner has not overcome the presumption that counsel's conduct was sound trial strategy. The fact that counsel's strategy for the suppression hearing was ultimately unsuccessful does not mean that counsel was ineffective. *See Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir. 2001) (holding that "an ineffective-assistance-of-counsel claim cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken"). The Court finds Petitioner has not overcome the presumption that counsel's decision not to call Lee Jurek and a representative from AT&T (to discuss a possible relationship AT&T had with law enforcement) to the witness stand was reasonable. Both Finlaw and Special Agent Donlin testified, under oath, at the suppression hearing that no relationship existed prior to Finlaw's service call at Petitioner's residence. This testimony was credited by the Court in denying the

6

(1:14CV1524)

Motion to Suppress (ECF No. 23).  ECF No. 33 at PageID #: 190, 192-94.  The Court concludes counsel's conduct in this case was reasonable.

Based on Petitioner's inaccurate statements regarding some of the decisions of his counsel in preparation for, and during the suppression hearing, as well as Jurek's failure to show how his counsel's tactical and strategic decisions rose to the level of ineffective assistance of counsel, the Court finds that the First Claim is without merit.

### C. Second Claim

Next, Petitioner complains that his counsel "was ineffective for advising him to plead guilty to an offense that required a mandatory minimum term of incarceration without first advising [him] that the other charged offense did not require a mandatory minimum sentence and that it was statutorily the same offense."  ECF No. 77-1 at PageID #: 703.

Petitioner pled guilty to receipt of child pornography.  The Plea Agreement (ECF No. 50) and the colloquy the Court engaged in with Jurek during the change of plea hearing revealed an individual who knowingly received visual depictions of persons known to be minors, and that those minors were engaged in sexually explicit conduct.  Petitioner is mistaken when he asserts that receipt and possession are essentially one in the same.  Jurek has failed to perceive that possession of child pornography is a lesser included offense of receipt of child pornography."  *United States v. Marshall*, 736 F.3d 492, 501 (6th Cir. 2013), *cert. denied*, 134 S.Ct. 2832 (2014).  Therefore, since, contrary to Petitioner's assertion, the receipt of child pornography and possession of child pornography are not statutorily the same offense, the premise of his Second and Third Claims lacks merit.

7

(1:14CV1524)

In the case of a guilty plea, Petitioner must show both that his counsel's representation fell below an objective standard of reasonableness and that a reasonable probability exists that, but for counsel's unprofessional errors, he would not have pleaded guilty.  Hill v. Lockhart, 474 U.S. 52, 57-59 (1985); Warner v. United States, 975 F.2d 1207, 1211 (6th Cir. 1992).  In order to prevail on his Second Claim, Jurek must rebut the presumption that his attorney's representation was reasonable.  Specifically, he must prove that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.  As discussed by the Government (ECF No. 80 at PageID #: 734-35), Petitioner has failed to present evidence to support his claim that counsel was ineffective and that he suffered prejudice as a result of the performance of counsel.

In addition, Petitioner had no right to be offered a plea.  See Lafler v. Cooper, 132 S.Ct. 1376, 1387 (2012) ("It is, of course, true that defendants have 'no right to be offered a plea . . . nor a federal right that the judge accept it.' ") (alteration in original) (quoting Missouri v. Frye, 132 S.Ct. 1399, 1410 (2012)).  Therefore, not only did Jurek never have the right to be offered the Plea Agreement (ECF No. 50), he also did not have the right to decide to what offense, Count 1 or Count 2, he was going to be offered in a plea bargain.

**D. Third Claim**

Finally, Petitioner argues that as a result of his counsel's "failures, as articulated in claim one, the decision to enter into the negotiated plea agreement was not done so knowingly." ECF No. 77-1 at PageID #: 706.  This claim is also without merit.

8

(1:14CV1524)

The following exchange at the change of plea hearing leads the Court to agree with the Government that the record shows that Petitioner acted both voluntarily and knowingly in making his decision to plead guilty, and that he was aware of the crime charged and the consequences of entering a guilty plea (ECF No. 80 at 735):

> THE COURT: . . . Paragraph 25 [of the Plea Agreement], subtopic heading "Agreement is Complete and Voluntarily Entered." It's important that I understand, recognizing that this is a complete agreement, if it's not there, it isn't in existence, but that the only promises made to you are captured in this document.
> Is that true, sir?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Nobody has threatened you or done anything to coerce you into entering this plea of guilty, have they, Mr. Jurek?
> THE DEFENDANT: No, ma'am.
> THE COURT: Mr. Sullivan, starting with you, are there any other questions you'd like me to put to Mr. Jurek before asking his plea to Count 1?
> MR. SULLIVAN: No thank you, Judge.
> (Thereupon, a discussion was held off the record between the defendant and Mr. Bryan.)
> THE COURT: Mr. Bryan, any other questions or topics you'd like me to review with Mr. Jurek before asking his plea to Count 1?
> MR. BRYAN: No, Your Honor.
> THE COURT: Mr. Bryan and Mr. Jurek, do I have your permission to summarize Count 1 without reading it verbatim? I'll read it largely, but I will skip and summarize in some cases.
> MR. BRYAN: Yes, Your Honor.
> THE COURT: Mr. Jurek, Count 1 of the indictment charges that from on or about March 18, 2010 through on or about August 22nd, 2011, in the Northern District of Ohio, its Eastern Division, and elsewhere, that you, sir, did knowingly receive, using any means or facility of interstate or foreign commerce, numerous computer images, images and video files, which contained visual depictions of real minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), which computer images and video files were shipped and transported in or affecting interstate or foreign commerce, by any means, including by computer, in violation of Title 18, Section 2252(a)(2) of the United States Code.
> Mr. Jurek, what is your plea to Count 1 of the indictment?
> THE DEFENDANT: Guilty.

9

(1:14CV1524)

> THE COURT: Sir, I find that your plea of guilty is knowingly made, meaning you make it knowing the consequences that are likely to follow; voluntarily made, because you've assured me you haven't been threatened or coerced or made promises that aren't in this ten-page agreement; based upon your answers to the questions of whether or not the five elements match your conduct leading to the charge against you and whether the factual basis and relevant conduct summarizes correctly the conduct leading to the charge against you; that you've entered this plea of guilty conditionally because you are indeed guilty; and therefore, I accept your plea of guilty to Count 1 and will make sure that it's docketed.

ECF No. 70 at PageID #: 586-88.

Petitioner also indicated at the change of plea hearing that he was satisfied with the assistance and legal advice provided by his counsel.

> THE COURT: Sir, paragraph 24 [of the Plea Agreement] speaks to the satisfaction with counsel.
> You told me at the beginning that you had enough time to speak with Mr. Bryan. Have you spoken about all matter of things related to the charge against you in Count 1 and this anticipated plea of guilty?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: You've spoken about the items listed in paragraph 24?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: And do you believe you've told him everything that you could share with him that could assist him in representing you?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Overall, have you been satisfied with the legal services provided by your attorney?
> He's used to that question. Broad shoulders there.
> THE DEFENDANT: Yes, ma'am.

ECF No. 70 at PageID #: 585-86.

### III. Conclusion

Accordingly, Petitioner Jason Jurek's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 77) is denied.

10

(1:14CV1524)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| July 17, 2015 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |